IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>SILVIO ORLANDO DÍAZ-LEMUZ,<br>*Defendant*. | CRIM. NO. 17-650 (DRD) |

## PLEA AND FORFEITURE AGREEMENT
## IN ACCORDANCE WITH RULE 11(c)(1)(A) & (B)

TO THE HONORABLE COURT:

The United States of America, by and through the undersigned attorneys, the defendant, **SILVIO ORLANDO DÍAZ-LEMUZ,** and the defendant's attorney, AFPD Samantha Kurland Drake, very respectfully state to this Honorable Court that they have reached an agreement (the Agreement"), the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant, **SILVIO ORLANDO DÍAZ-LEMUZ,** agrees to plead guilty to **COUNT TWO** (Felon in Possession of Firearm) of the Indictment and admit the **FORFEITURE ALLEGATION** pending against him. More specifically, **COUNT TWO** of the Indictment charges that on or about December 13, 2017 in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, **SILVIO ORLANDO DIAZ-LEMUZ**, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly and unlawfully possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Colt Cobra revolver, .38 caliber, bearing serial number B79266, having been shipped and transported in interstate or foreign commerce. All in violation of Title 18, *United States Code*, Sections 922(g)(1).

1

## 2. MAXIMUM PENALTIES

The maximum statutory penalty for the offense charged in **COUNT TWO** of the Indictment (Felon in Possession of Firearm) is a term of imprisonment of **ten (10) years**, pursuant to Title 18, *United States Code*, Section 924(a)(2); a fine not to exceed two hundred fifty thousand dollars ($250,000.00), pursuant to Title 18, *United States Code*, Section 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to Title 18, *United States Code*, Section 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to Title 18, *United States Code*, Section 3013(a)(2)(A).




## 3. SPECIAL MONETARY ASSESSMENT

At the time of sentencing, the defendant will pay a special monetary assessment of one hundred dollars ($100.00) for each count in the Indictment for which he is pleading guilty, as required by Title 18, *United States Code*, Section 3013(a).

## 4. FINES AND/OR RESTITUTION

The Court may, pursuant to Section 5E1.2(I) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered. The defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines.

## 5. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

6. **ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to the United States Supreme Court decisions in *United States v. Booker* 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.




7. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree that the following Sentencing Guidelines calculations apply to the defendant's conduct with regard to **COUNT** ~~ONE~~ Two [SAD] of the Indictment:

| Sentencing Guidelines Calculations Table<br>Count TWO of Indictment<br>18 USC § 922(g)(1) (Prohibited Person in Possession of Firearm: Convicted Felon) ||||||||||
|---|---|---|---|---|---|---|---|---|---|
| **Base Offense Level**<br>§ 2K2.1(a)(4)(A) | (6) 14, if the defendant (A) was a prohibited person at the time the defendant committed the instant offense; ||||||||| 14 |
| **Acceptance** | Acceptance of Responsibility, U.S.S.G. § 3E1.1 (a)&(b) ||||||||| -2 |
| **Sentencing Ranges** | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | **Total Offense Level** | 12 |
| | 12 | 010-016 | 012-018 | 015-021 | 021-027 | 027-033 | 030-037 | | |

8. **SPECIFIC SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the parties agree that the defendant may argue for a sentence of 10 months of

3

imprisonment, while the Government reserves the right to argue for a sentence of 16 months of imprisonment.

### 9. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek a sentence more lenient than the one detailed in the previous paragraph under any of the factors contained in Title 18, *United States Code*, Section 3553, as that the same is a reasonable sentence.

### 10. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

### 11. DISMISSAL OF REMAINING COUNTS

At sentencing, the United States agrees to dismiss the remaining **COUNT ONE** of the Indictment.

### 12. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if this Honorable Court accepts this Plea Agreement and imposes an imprisonment sentence of 16 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release





## 13. SATISFACTION WITH COUNSEL

The defendant represents to the Court that he is satisfied with his legal counsel AFPD Samantha Kurland Drake, and further indicates that Ms. Drake has rendered effective legal assistance.

## 14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent; that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.



e. At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, the defendant could testify in his own behalf.

15. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

16. **JURISDICTIONAL LIMITS OF PLEA AGREEMENT**

This plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

17. **ENTIRETY OF PLEA AGREEMENT**

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

19. **VOLUNTARINESS OF GUILTY PLEA**

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

## 20. BREACH AND WAIVER

Defendant understands and agrees that if Defendant breaches the Plea Agreement, Defendant may be prosecuted and sentenced for all of the offenses that Defendant may have committed. Defendant agrees that if Defendant breaches this Plea Agreement, the government reserves the right to take whatever steps are necessary to nullify the Plea Agreement, including the filing of a motion to withdraw the Plea Agreement and/or set aside the conviction and sentence. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
**José Capo-Iriarte**
Assistant United States Attorney
Chief, Criminal Division
Date: 8/10/18

_____
**Nicholas W. Cannon**
Assistant United States Attorney
Deputy Chief, Immigration, Cybercrimes and Exploitation Unit
Date: August 9, 2018

_____
**Cristina Caraballo-Colón**
Special Assistant U.S. Attorney
Immigration, Cybercrimes and Exploitation Unit
Date: August 9, 2018

_____
**Silvio Orlando Díaz-Lemuz**
Defendant
Date: 12/9/2018

_____
**Samantha Kurland Drake, Esq.**
Counsel for Defendant
Date: 9/12/2018

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 12/9/2018

_____
Silvio Orlando Díaz-Lemuz
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 9/12/2018

_____
Samantha Kurland Drake, Esq.
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure. In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Indictment remain ready and available to testify. Had this case gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Indictment, including the following specific facts:

On December 13, 2017, at approximately 7:00am, the Puerto Rico Police Department (RPD), Añasco Maritime Unit contacted the Ramey Sector to inform that an apparent Maritime Smuggling Event had taken place in Rincón, Puerto Rico, earlier that day. When Border Patrol Agents from different units arrived to the landing area, they found an unpainted 22-foot boat by the shoreline with no engine attached. In addition to the boat, the agents found products from the Dominican Republic. After searching the area, agents were unable to make any arrests near the landing site.

Border Patrol Agents then proceeded to drive on road 115 from Rincon to Aguada in an unmarked blue-colored Dodge RAM. When agents pulled over into the West Coast gas station in Aguada, Puerto Rico, they identified a white Isuzu Trooper that had being associated to an Alien Smuggling Organization from the Aguada area. The white Isuzu Trooper was parked next to a black Toyota Yaris bearing Puerto Rico license plate HKV-897. When the agents drove towards the white Isuzu Trooper, both vehicles drove off the parking area heading in opposite directions.

The white Isuzu Trooper drove east on road 414 and the black Toyota Yaris passed by the agent's unmarked unit towards road 115 heading north. The agents decided to follow the Toyota Yaris in order to identify the subjects.

Before intervening with the Toyota Yaris, agents ran the vehicle's license plate, which revealed to be registered to a female from the San Juan area. Agents conducted a vehicle stop where Border Patrol Agents approached the vehicle, identified themselves as immigration officers and asked both vehicle occupants about their nationalities. The driver, defendant Silvio Orlando DIAZ-Lemuz, said that he was a Cuban-national who had been living in Puerto Rico for the past 30 years and the passenger alleged to be a Dominican national who had allegedly been in Puerto Rico for the past 6 months but did not have any documents to be legally present in the United States.

Agents noted that the passenger was wet and, based on the information obtained, ordered both occupants to exit the vehicle and placed them under arrest. Once outside the vehicle, for safety purposes, agents asked the driver if they were carrying anything illegal in the vehicle. The driver, DIAZ-Lemuz, said that he had a gun and provided consent to search his vehicle. Agents found a loaded revolver inside a black fanny pack. The firearm was Colt revolver Cobra Model, .38 caliber, bearing serial number B79266, loaded with six (6) rounds of .38 caliber ammunition. Inside the black fanny pack, agents also found another seven (7) rounds of .38 caliber ammunition.

At the Ramey Station, DIAZ-Lemuz, waived his Miranda rights and provided a Sworn Statement (Form I-215) where he stated that he had been hired by a subject in Rio Piedras to drive to Rincón and pick up a subject. DIAZ-Lemuz stated that he assumed that the subject he would pick up was a Dominican Republic national who had entered the United States illegally near

Rincon. DIAZ-Lemuz also stated that he was going to be paid $200 to transport the subject to Rio Piedras, Puerto Rico.

When asked about the firearm found in the vehicle, DIAZ-Lemuz stated that he received it from the subject who hired him named "Juan" because, according to "Juan", he needed to be armed because people were being robbed in the Rincon area.

A records check revealed that, on March and April 1986, DIAZ-Lemuz was sentenced, to 4 years of imprisonment for two (2) counts of Attempted Robbery and one (1) count for violations of the Puerto Rico Weapons Law, and to five (5) years of imprisonment, for violation of Article 404 of the Puerto Rico Controlled Substances Law, all to be served concurrently.

Had this matter gone to trial, the United Stated would have would have proven beyond a reasonable doubt that DIAZ-Lemuz is guilty of being a felon in possession of a firearm, as charged in Count Two of the Indictment, through the presentation of witness and expert testimonies, physical and documentary evidence, and the actual firearm seized from the defendant's vehicle.

_____
**Cristina Caraballo-Colón**
Special Assistant United States Attorney
Dated: August 9, 2018

_____
**Silvio Orlando Díaz-Lemuz**
Defendant
Date: 9/9/2018

_____
**Samantha Kurland Drake, Esq.**
Counsel for Defendant
Date: 9/12/2018